```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SAUCON TECHNOLOGIES, INC.      :     CIVIL ACTION
                               :
              v.               :
                               :
SAIED TADAYON, et al.          :     NO. 10-5112
```

MEMORANDUM

McLaughlin, J.                                     August 26, 2011

      This lawsuit arises from statements that were allegedly made by the defendants, Saied and Bijan Tadayon ("the Tadayons"), in a separate patent infringement suit between the defendants and Coach USA, Inc., Megabus Northeast, LLC, and Megabus USA, LLC. The plaintiff, Saucon Technologies ("Saucon"), alleges that the defendants suggested that Saucon, who was not a party to the suit, infringed on the Tadayons' patent.

      The plaintiff filed this lawsuit alleging state law claims of commercial disparagement and intentional interference with existing and prospective contractual relations.  The plaintiff brings suit in federal court under diversity jurisdiction.  The defendants filed a motion to dismiss for lack of personal jurisdiction, improper venue, or alternately to transfer the case to the United States District Court for the District of Maryland.  The Court will grant the defendants' motion to dismiss.

I.   <u>Facts as Alleged in the Complaint</u>

The plaintiff is a Pennsylvania corporation that provides equipment that allows for real-time tracking information of fleet vehicles.  Coach USA has contracted with the plaintiff since 2005 for use of their products.  In 2008, the plaintiff installed equipment for wireless internet access ("Wi-Fi") on some of Coach USA's buses.  Compl. ¶¶ 1-17.

The defendants, Maryland residents, own United States Patent No. 7,031,657.  In May 2010, the defendants filed a complaint for patent infringement against Coach USA in the United States District Court for the District of Columbia.  During the course of that litigation, the defendants' suggested to Coach USA that the method used by Saucon to install Wi-Fi access infringes on the defendants' patent.  The defendants directed Coach USA to the plaintiff's website as evidence of the infringement.  The website, however, merely contains the statement: "Wi-Fi now available."  Compl. ¶¶ 2, 18-23.

Saucon alleges that because of the statements made by the defendants, its contractual relationship with Coach USA has been damaged.  The plaintiff has filed a complaint alleging state law claims of commercial disparagement, intentional interference with existing contractual relations, and intentional interference with prospective contractual relations.

II.  <u>Analysis</u>

To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must conduct a two-step inquiry.  First, the Court looks to the state long-arm statute that permits the exercise of personal jurisdiction.  The Court then determines if the exercise of jurisdiction comports with the Due Process Clause of the Constitution.  <u>See</u> <u>Pennzoil Prods. Co. v. Colelli & Assocs., Inc.</u>, 149 F.3d 197, 200 (3d Cir. 1998).

Pennsylvania's long-arm statute extends personal jurisdiction over any person who "causes harm or tortious injury in the Commonwealth by an act or omission outside the Commonwealth."  42 Pa. Cons. Stat. § 5322(a)(4).  The statute also extends jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with the Commonwealth allowed under the Constitution of the United States."  42 Pa. Cons. Stat. § 5322(b).  Although the alleged conduct would fall under the statute's "tort out/harm in" provision, the Due Process Clause requires that a non-resident defendant have minimum contacts with the forum state in order for the court to exercise personal jurisdiction.  <u>See</u> <u>Pennzoil</u>, 149 F.3d at 201; <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310, 316 (1945).

Specific personal jurisdiction exists when a defendant has purposely directed his activities at the forum state and the

claim arises from or relates to that conduct. Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). The defendants are Maryland residents with no offices, assets, or businesses in Pennsylvania. The alleged actions out of which this suit arises are that (1) during the course of litigation with Coach USA in the District Court for the District of Columbia the defendants suggested that the plaintiff's website shows they infringed on the defendants' patent and (2) during the same litigation, the defendants showed the plaintiff's website to Coach USA. This alone is not sufficient to establish that the defendants purposely directed their activities toward Pennsylvania.

The plaintiff argues that, because this case involves an intentional tort, the Court has specific jurisdiction over the defendants pursuant to the Calder exception. Calder v. Jones, 465 U.S. 783, 785 (1984) involved an allegedly libelous National Enquirer article written about Shirley Jones, a California resident. Ms. Jones brought suit against employees of the Enquirer, a Florida company, in a California court. The Supreme Court held that California had personal jurisdiction over the defendants because their intentional and allegedly tortious conduct was aimed at California. The article was written about "the California activities of a California resident" based on California sources, and the harm was suffered in California. Id. at 788-89.

4

The Third Circuit subsequently interpreted the Calder exception in the context of a business tort in IMO Indus. v. Kiekert AG, 155 F.3d 254 (3d Cir. 1998). In IMO, the Third Circuit established a three-prong test that must be satisfied in order for the Calder exception to apply: (1) "the defendant must have committed an intentional tort;" (2) "the plaintiff must have felt the brunt of the harm caused by that tort in the forum, such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort;" and, (3) "the defendant must have aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity." Id. at 261.

The Court emphasized that the plaintiff must show "a specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." Id. at 276. "Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum [is] insufficient . . .. The defendant must manifest behavior intentionally targeted at and focused on the forum for Calder to be satisfied." Id. at 265.

Here, the plaintiff has not established personal jurisdiction under the Calder exception. The plaintiff points to the defendants' alleged defamation as sufficient to confer personal jurisdiction. The plaintiff argues that the defendants'

false statements about the plaintiff made to Coach USA were aimed at Pennsylvania because Saucon is a Pennsylvania corporation.

The plaintiff has not demonstrated that the defendants "expressly aimed their conduct at the forum." The defendants filed and litigated a patent infringement suit, during the course of which they referenced the plaintiff's website. The fact that the website stated that Saucon is a Pennsylvania corporation does not confer personal jurisdiction. See IMO, 155 F.3d at 265 (holding that knowledge of the plaintiff's principal place of business is insufficient to confer jurisdiction and that purposeful direction is required). The defendants' statements were directed toward the corporations involved in the patent suit, none of which is incorporated in, or has its principal place of business in, Pennsylvania. The defendants' conduct, therefore, is insufficient to satisfy the Calder exception. Id. at 265.

The Court also lacks general personal jurisdiction over the defendants. In order for a court to assert general personal jurisdiction, the defendants' contacts with the forum must be continuous and systematic. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

The defendants do not have continuous and systematic contacts in Pennsylvania. The defendants do not own any assets, conduct business, maintain an office, reside, or pay taxes in

6

Pennsylvania.  Tadayon Aff. ¶¶ 1-4.  The plaintiff argues that the defendants own a company that once represented a Pennsylvania resident in a patent application.  This contact alone is insufficient to merit general jurisdiction.[1]

The plaintiff also argues that the Court has general personal jurisdiction because the defendants accessed the plaintiff's website, which is hosted on a Pennsylvania server.  Merely accessing website for a company located in the forum state is insufficient to confer jurisdiction.[2]  The Court, therefore, also lacks general personal jurisdiction over the defendants.

III.  Conclusion

For the reasons stated herein, the Court will grant the defendants' motion to dismiss for lack of personal jurisdiction.

An appropriate order shall issue separately.

---

[1] Contracting with an entity in the forum is insufficient to establish general personal jurisdiction where a defendant does not maintain personnel or offices in the forum or directly solicit business therefrom.  See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 261-62 (3d Cir. 2000).

[2] See Desktop Tech., Inc. v. Colorworks Reprod. & Design, Inc., 1999 WL 98572, at *3 (E.D. Pa. 1999) ("[A] finding of jurisdiction . . . based on an Internet web site would mean that there would be nationwide (indeed worldwide) personal jurisdiction over anyone and everyone."); Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452–454 (3d Cir. 2003)("[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction . . . .  Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state.").